UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| KENNETH NEWMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P. | CASE NO: 7:19-cv-00244<br><br>COLLECTIVE ACTION (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Kenneth Newman brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Plains All American Pipeline, L.P. (Plains).

2. Newman and the other workers like him ("Putative Class Members") regularly worked for Plains in excess of 40 hours each week.

3. These workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. These workers were paid a day rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Newman performed work for Plains in Midland and Odessa, Texas. Plains has substantial pipeline and crude storage facilities in Midland and Odessa, Texas, around which Newman worked. *See* https://www.plainsallamerican.com/what-we-do/view-our-assets (last visited 10/18/2019).

## THE PARTIES

7. Newman has performed work for Plains as a coating inspector from approximately February 2018 through August 2019.

8. Throughout his time with Plains, he was paid a day-rate with no overtime compensation.

9. His day rate was less than $455.00 per day.

10. His consent to be a party plaintiff is attached as Exhibit A.

11. Newman brings this action on behalf of himself and all other similarly situated workers paid through Plains' day-rate system.

12. Each of these workers received a flat amount for each day worked, without overtime pay.

13. The class of similarly situated workers ("Putative Class Members") consists of:

**Current and former inspectors performing work on behalf of Plains All American Pipeline, L.P. and paid a day-rate without overtime during the past three years.** (the Putative Class Members).

14. Plains is a corporation doing business throughout the United States. Plains may be served by serving its registered agent for service of process: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## COVERAGE UNDER THE FLSA

15. For at least the past three years, Plains has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. For at least the past three years, Plains has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. For at least the past three years, Plains has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

18. For at least the past three years, Newman and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

19. Plains' owns and operates "an extensive network of pipeline transportation, terminals, storage and gathering assets in key crude oil and NGL producing basins, transportation corridors, and at major market hubs in the United States and Canada."[1]

20. One of Plains' larger current hubs is located in Midland, Texas.[2]

21. To continue operating, Plains relies on inspectors.

22. Plains does not treat inspectors as W2 employees for tax purposes.

23. Plains treats inspectors as 1099 independent contractors.

24. While exact job titles and job duties may differ, these inspectors are subjected to the same or similar illegal pay practices for similar work.

25. Specifically, Plains paid these workers a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

---

[1] https://www.plainsallamerican.com/ (last visited October 14, 2019).
[2] *Id.*

26. For example, Newman worked for Plains from February 2018 through August 2019 as a coating inspector.

27. As a coating inspector, Newman's primary job duties included inspecting the coatings on oil and gas pipelines, storage facilities, and other construction and production projects as needed.

28. Newman did not have any supervisory duties.

29. Newman did not hire for fire employees.

30. Newman did not exercise discretion and judgment as to matters of significant.

31. To the contrary, Newman worked with his hands.

32. Newman performed manual labor.

33. Newman used hand tool on pipelines.

34. Newman worked in the elements and would become dirty as a result of his work.

35. Newman worked in dangerous conditions.

36. Pipelines have the potential to explode.

37. Pipelines can be dangerous.

38. Newman does not work in an office.

39. Newman does not manage a business unit.

40. Newman cannot make decisions as to matters of significance that would impact overall business operations.

41. Newman's decisions are limited to routine and manual tasks surrounding pipeline inspections for Plains.

42. Newman is heavily supervised by Plains.

43. Newman is required to follow Plains policies and procedures.

44. Newman reports to Plains on a regular basis.

45. Plains determined the pay practice through which Newman is compensated.

46. Plains did not guarantee Newman a salary.

47. Plains did not provide Newman overtime pay.

48. Plains employed Newman for purposes of the FLSA.

49. Plains set Newman's schedule.

50. Plains required Newman to work over 40 hours in a week.

51. Plains typically scheduled Newman to work 10-12 hour shifts, for as many as 6-7 days a week.

52. Plains keeps accurate records of the hours, or at least days, of Newman's work.

53. Plains required Newman to report his time to it.

54. Plains required Newman to report his expenses to it.

55. Plains approved Newman's time worked.

56. Plains approved Newman's expenses.

57. Newman did not receive a day rate that exceeded $455 a day.

58. Newman did not receive more than $100.000 a year.

59. Separate from his day rate, Newman was paid a per diem.

60. The per diem Newman was paid was not considered wages.

61. Newman was paid other reimbursements.

62. The reimbursements Newman was paid were not considered wages.

63. Newman's work was production based.

64. Newman's work was integral to the operation of Plains' pipelines and crude transportation.

65. Newman was prohibited from deviating from Plains' quality standards.

66. Newman is a blue collar worker.

67. Newman is not exempt under any white collar exemption.

68.     Newman was not guaranteed a salary.

69.     Plains cannot demonstrate that Newman was paid on a salary basis in accordance with the FLSA.

70.     Plains cannot demonstrate that Newman was not its employee for purposes of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

71.     The Putative Class Members were subject to the same working conditions as Newman.

72.     All facts alleged as to Newman are hereby alleged to the Putative Class Members.

73.     The Putative Class Members are similarly situated based on Plains' common pay policy.

74.     The Putative Class Members are similarly situated based on Plains' common practices applied to all Putative Class Members.

75.     The Putative Class Members are similarly situated because Plains' plan regarding the use and pay of Putative Class Members is similar.

76.     The Putative Class Members' primary job duties included inspecting oil and gas pipelines, storage facilities, and other construction and production projects as needed.

77.     Putative Class Members did not have any supervisory duties.

78.     Putative Class Members did not hire for fire employees.

79.     Putative Class Members did not exercise discretion and judgment as to matters of significant.

80.     To the contrary, Putative Class Members worked with their hands.

81.     Putative Class Members performed manual labor.

82.     Putative Class Members used hand tool on pipelines.

83. Putative Class Members worked in the elements and would become dirty as a result of their work.

84. Putative Class Members worked in dangerous conditions.

85. Putative Class Members do not work in an office.

86. Putative Class Members do not manage a business unit.

87. Putative Class Members cannot make decisions as to matters of significance that would impact overall business operations.

88. Putative Class Members' decisions are limited to routine and manual tasks surrounding pipeline inspections for Plains.

89. Putative Class Members are heavily supervised by Plains.

90. Putative Class Members are required to follow Plains policies and procedures.

91. Putative Class Members report to Plains on a regular basis.

92. Plains determined the pay practice through which all Putative Class Members are compensated.

93. Plains did not guarantee the Putative Class Members a salary.

94. Plains did not provide the Putative Class Members overtime pay.

95. Plains employed the Putative Class Members for purposes of the FLSA.

96. Plains set the Putative Class Members' schedule.

97. Plains required the Putative Class Members to work over 40 hours in a week.

98. Plains typically scheduled Putative Class Members to work 10-12 hour shifts, for as many as 6-7 days a week.

99. Plains keeps accurate records of the hours, or at least days, of the Putative Class Members' work.

100. Plains required the Putative Class Members to report their time to it.

101. Plains required the Putative Class Members to report their expenses to it.

102. Plains approved the Putative Class Members' time worked.

103. Plains approved the Putative Class Members' expenses.

104. The Putative Class Members did not receive a day rate that exceeded $455 a day.

105. The Putative Class Members did not receive more than $100.000 a year.

106. Separate from the day rate, the Putative Class Members were paid a per diem.

107. The per diem was not considered wages.

108. The Putative Class Members were paid other reimbursements.

109. The reimbursements were not considered wages.

110. The Putative Class Members' work was production based.

111. The Putative Class Members' work was integral to the operation of Plains' pipelines and crude transportation.

112. The Putative Class Members were prohibited from deviating from Plains' quality standards.

113. The Putative Class Members are blue collar workers.

114. The Putative Class Members are not exempt under any white collar exemption.

115. The Putative Class Members were not guaranteed a salary.

116. Plains cannot demonstrate that the Putative Class Members were paid on a salary basis in accordance with the FLSA.

117. Plains cannot demonstrate that the Putative Class Members were not its employees for purposes of the FLSA.

**FLSA VIOLATIONS**

118. Newman incorporates the preceding paragraphs by reference.

119. As set forth herein, Plains violated the FLSA by failing to pay Newman and the Putative Class Members overtime at 1 and ½ times their regular rate of pay, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

120. At all relevant times, Plains has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

121. Plains employed Newman and each member of the Putative Class.

122. Plains' pay policy denied Newman and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

123. Plains owes Newman and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

124. Plains knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Newman and the Putative Class is willful.

125. Due to Plains' FLSA violations, Newman and the Putative Class Members are entitled to recover from Plains for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

126. The improper pay practices at issue were part of a continuing course of conduct, entitling Newman and Putative Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

127. Newman demands a trial by jury.

## RELIEF SOUGHT

128. WHEREFORE, Newman prays for judgment against Defendant as follows:

    a) An Order designating the case as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b) For an Order appointing Newman and his counsel to represent the interests of the Putative Class Members;

c) For an Order finding Plains is liable to Newman and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d) For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**