# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| KENNETH NEWMAN, Individually and for Others Similarly Situated,<br><br>    Plaintiff<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P.<br><br>    Defendant | §§§§§§§§§§§<br><br>Case No. 7:19-cv-00244 |

## PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND DISMISSAL OF LAWSUIT WITH PREJUDICE

Plaintiff Kenneth Newman ("Newman") submits this Unopposed Motion for Approval of Confidential Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice. The Confidential Settlement Agreement and Release (the "Agreement"), a copy of which is attached at Exhibit A, entered into by and between Newman, Juan Loera ("Loera"),[1] and Defendant Plains All American Pipeline, L.P. ("Plains" together with Newman the "Parties") represents a fair and reasonable resolution of a *bona fide* dispute between Newman and the Settlement Class Members (as defined in the Agreement and below), on the one hand, and Plains, on the other, under the Fair Labor Standards Act ("FLSA"). Newman therefore respectfully asks the Court to approve the Agreement in its entirety and dismiss this lawsuit with prejudice.[2]

---

[1] Loera filed a Demand for Arbitration against Plains with the American Arbitration Association, Case No. 01-22-0001-6852 (the "Arbitration"), alleging Plains employed him and paid him a day rate with no overtime compensation in violation of the FLSA. The Agreement resolves the claims in this lawsuit as well as the Arbitration, although Plains and Loera will separately request that the arbitrator dismiss the Arbitration with prejudice.

[2] All capitalized terms shall have the meaning ascribed to them in the Agreement, unless otherwise defined in this motion. Any disparities or inconsistencies between the terms of this motion and the Agreement shall be resolved by reference to and in favor of the terms of the Agreement.

The Agreement provides Plaintiffs and the Settlement Class Members with a reasonable recovery considering the risks inherent in continued litigation and trial. Plains has defended the claims asserted in this Lawsuit and continues to deny that it employed or jointly employed Newman or any of the other Settlement Class Members and that it committed any wrongdoing or violated any state, local, or federal wage and hour law, including the FLSA, in any respect. The costs, risks, and delays inherent to protracted and continued litigation balanced against the benefits of this settlement, demonstrate that the Agreement is in the best interest of the Settlement Class Members and should be approved and the Lawsuit dismissed with prejudice.

1. **PROCEDURAL HISTORY**

Newman filed this putative collective action on October 18, 2019, on behalf of himself and all other alleged similarly situated workers whom Newman contends Plains misclassified as independent contractors and paid a day rate with no overtime compensation in violation of the FLSA (the "Putative Class Members"). ECF 1. Plains denies Newman's allegations in the Lawsuit and specifically denies that it employed or jointly employed Newman or any of the individuals whom he seeks to represent, which encompass the Settlement Class Members, and denies that it has violated any law, including the FLSA, in any respect. After Plains made an appearance in this matter, the Parties spent the next two years litigating motions and appeals relating to venue, intervention, and arbitration, exchanging written discovery, including over fifteen thousand pages of document production, and briefing a motion for conditional certification (which was not ruled on and, therefore, notice of this lawsuit has not yet been distributed to any putative collective action members).

In September 2022, the Parties began working towards a resolution of this litigation. Prior to reaching an agreement, the Parties had conducted an in-depth analysis of the potential damages, interviewed witnesses, and investigated the business practices at issue. These efforts provided the Parties with great insight as to the potential liability and the range of recovery at issue. Further, these

2

efforts, coupled with each Party's thorough preparation and familiarity with the facts surrounding the allegations allowed both Parties to intelligently, and in good faith, weigh both the risks and benefits of continued litigation. After extensive negotiations, the Parties reached a settlement. The terms of the negotiated settlement are memorialized in the Agreement that has been attached as Exhibit A and filed under seal[3].

## 2. **SETTLEMENT**

The Parties reached an agreement to resolve the claims of the Named Plaintiff, all Opt-In Plaintiffs and current and former inspectors who worked on Plains' projects while employed by Cypress Environmental Management – TIR, LLC ("Cypress Environmental") between October 1, 2017, and March 1, 2021.

Newman now seeks Court approval of the Parties' Agreement. If approved by the Court, the Agreement will resolve this matter in its entirety. The Court should approve the Agreement because it represents a fair compromise of bona fide disputes concerning, among other things, whether Plains employed the Settlement Class Members and whether the pay practices at issue complied with the FLSA. Indeed, over the life of this Lawsuit, the Parties exchanged extensive information and documents relating to the classification and compensation of the workers who were staffed to Plains projects, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. The Parties also engaged in extensive briefing before the District Court and the Fifth Circuit Court of Appeals concerning intervention, venue, and arbitration. Based upon Class Counsel's investigation, legal evaluation, and assessment of the contested legal and factual

---

[3] The Parties submit that, without confidentiality of the amounts in and the scope of the Agreement, there is an increased likelihood that Plains would be exposed to further litigation (on claims that it denies), thus depriving Plains of a benefit which was the basis for the settlement bargain. In addition, the publication of the Settlement Agreement is potentially harmful to Plains' ongoing operations and its competitiveness in the marketplace. There is also a public interest in confidentiality in that it encourages and facilitates settlement negotiations and the voluntary resolution of disputes, thereby preserving the resources of the Court.

issues involved in this Lawsuit, including Class Counsel's understanding of the uncertainties of litigation and the relative benefits conferred upon the Settlement Class Members pursuant to the Agreement, Class Counsel has concluded that this settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

**3.    KEY TERMS**

As set forth in detail in the attached Agreement, the Parties reached a settlement on behalf of the Current Opt-Ins and approximately 270 Cypress Environmental inspectors who will receive notice of their right to participate in the settlement under the terms of the Agreement. To this end, Newman has attached the proposed Notice and Claim Form documents that will be used to notify the Settlement Class Members of their right to participate in this settlement, the terms of the settlement, the scope of the release, their Individual Settlement Payment amounts, and the steps that must be taken to participate in the settlement. *See* Exhibit A at page 21. These documents will be sent to the Settlement Class Members by mail, e-mail, and text message. Individuals who elect to participate in the settlement will be required to return their properly executed Claim Form on or before the close of the Notice Period.

Each Settlement Class Member's Individual Settlement Payment will be calculated based upon records of the Settlement Class Member's weeks of service during the relevant time. This means that a Settlement Class Member who timely returns a properly executed Claim Form (a "Settlement Participant") will be eligible to receive a pro-rata payment based upon the time worked during the relevant period. Settlement payments will be delivered by a third-party administrator to each of the Settlement Participants (individuals who return a Claim Form) within approximately 30 to 60 days after the close of the Notice Period. The checks will be valid for 120 days from the date of mailing.

In exchange for their Individual Settlement Payment, the Settlement Participants will release the Released Parties from all state, local and federal wage related claims asserted or that could have

4

been asserted in this Lawsuit, as set forth in the Settlement Agreement. Newman will also provide a general release of claims as to the Released Parties, as set forth in the Settlement Agreement. Only those Settlement Class Members who timely return a Claim Form will be eligible to receive a Settlement Payment. *See* 29 U.S.C. § 216(b) (only workers who consent in writing are part of an FLSA collective action). The portion of the Net Settlement Amount attributed to the Settlement Class Members who do not timely return a completed Consent, will be retained by Plains.

## 4. THE COURT SHOULD APPROVE THE AGREEMENT AND DISMISS THE LAWSUIT WITH PREJUDICE.

"If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Graham v. Jet Specialty, Inc.,* No. MO-15-CV-135-DAE, 2016 WL 7479956, at *1 (W.D. Tex. May 11, 2016)(citing *Villeda v. Landry's Rests., Inc.*, No. H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009). The settlement must therefore be a fair and reasonable resolution of the Parties' bona fide dispute under the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1355.

Newman now seeks the Court's approval of the terms of the Agreement. The Agreement represents a fair and reasonable compromise of a bona fide dispute concerning whether Plains could be liable to Newman and the Settlement Class Members for alleged unpaid overtime under the FLSA and the amount of any alleged unpaid overtime under the FLSA that may be owed to Newman and the Settlement Class Members if they could establish liability as to Plains.

### A. A Bona Fide Dispute Existed Between the Parties.

The Agreement resolves a bona fide dispute. In the instant case, the Parties contested the claims and defenses asserted. Newman alleged that Plains misclassified the Settlement Class Members as independent contractors to avoid paying them overtime as required by the FLSA. Plains argued, among other things, that it did not owe Newman or any of the Settlement Class Members overtime

compensation because it did not employ or jointly employ them under the FLSA and because they were exempt from the FLSA's overtime requirements.

Further, this case was settled after two years of litigation and appeals and extensive work by the Parties and their counsel. Prior to reaching a settlement, Class Counsel performed extensive research and investigation regarding Plains' alleged pay practices, potential liability, independent contractor status of the consultants, potential settlement, and whether Plains acted in good faith (or willfully) in its alleged independent contractor classification of the Settlement Class Members. Additionally, throughout the litigation, the Parties worked to resolve various complex, disputed issues, such as issues regarding intervention, venue, arbitration, conditional certification, discovery disputes, tolling, and damages calculations. And if the case were not settled, there would be extensive work to come, including more appeals, dispositive motions, a motion for collective action certification, a motion for decertification of any certified collective, depositions, and extensive litigation/discovery concerning questions regarding applicability of the FLSA, hours worked, good faith, willfulness, pretrial motions, trial, and potential appellate issues. Thus, the Parties appreciate the risks and costs associated with continued litigation should this case not settle and recognize that the proposed Agreement represents a compromise based on the reasonable range and odds of potential outcomes and damages.

      **B.**    **The Settlement is Fair and Reasonable.**

"There is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, Case No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) (citing *Camp v. Progressive Corp.*, Case Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). In addition, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

Class Counsel has considerable experience prosecuting and settling FLSA cases, and in this case, were particularly well-informed as to the facts and circumstances of the litigation and the risk of not prevailing at trial. *See Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (holding that the court is "entitled to rely upon the judgment of experienced counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a . . . settlement.") (internal citations omitted). Class Counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions. *See, e.g., Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017) (reversing trial court's grant of summary judgment in favor of defendant); *Roussell v. Brinker Int'l, Inc.*, 09- 20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs).

Newman, as Class Representative, and Class Counsel both believe approval of the Agreement is in the Settlement Class Members' best interest and that the Agreement is fair and reasonable.

**1.     The Agreement was Fairly and Honestly Negotiated**

Here, the Agreement was the product of arms' length negotiations among experienced counsel. The settlement was reached after the Parties engaged in litigation, extensive briefing and appeals and discovery over two years. These efforts fully informed the Parties of the relevant risks of continued litigation.

## 2. The Ultimate Outcome of the Ligation was Unknown

As outlined above, the Parties disagree about the merits of the claims of Newman and the Settlement Class Members and the viability of Plains' defenses. The Parties dispute whether Plains' employed or jointly employed Newman and the Settlement Class Members, whether Newman and the Settlement Class Members are entitled to unpaid overtime under the FLSA, the hours Newman and the Settlement Class Members worked each week, whether Plains acted in good faith and thus whether liquidated damages are appropriate, and whether Plains acted willfully, which would affect whether Plaintiffs may recover under a two-year or three-year statute of limitations. The proposed Agreement allows the Parties to resolve these matters instead of litigating these uncertain legal and factual issues.

If the litigation had continued, the Parties would have faced obstacles and uncertainties, including the outcome of a petition for certiorari to the Supreme Court, a motion for collective action certification, summary judgment, a motion for decertification, and potentially a trial on the merits of unknown size and scope.

A trial on the merits would involve significant risks as to liability. Even if Newman could maintain a collective throughout trial, he would have to defeat Plains' argument that it did not employ or jointly employ him and the Settlement Class Members and that, even if it did, Newman and such Settlement Class Members were properly classified as exempt from overtime under the FLSA based on the duties they performed. Cases like this one are, almost by nature, risky because "employee status is very fact dependent." *Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 334 (5th Cir. 1993) (finding welders to be independent contractors as a matter of law). Workers can, and do, lose these cases in court. *See, e.g., Safarian v. Am. DG Energy, Inc.*, No. 17-1641, 2018 WL 1617660, at *5 (3d Cir. Apr. 4, 2018) (engineer who worked for defendant "almost exclusively," five days per week over the course of three years, was an independent contractor); *Karlson v. Action Process Serv. & Private Investigations, LLC*, 860

F.3d 1089 (8th Cir. 2017) (process server who worked for process serving company for more than 6 years was an independent contractor, not an employee); *Yue Yu v. McGrath*, No. 14-1842, 2014 WL 7384328 (3d Cir. Dec. 30, 2014) (hourly worker was independent contractor not employee); *Alexander v. Avera St. Luke's Hosp.*, 768 F.3d 756, 760 (8th Cir. 2014) (long term hospital worker was independent contractor, not employee); *Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843 (5th Cir. 2010) (hourly worker employed in emergency response was independent contractor and had no breach of contract claim).

Even cases approved by the Department of Labor and the Solicitor's Office are lost. The Department of Labor has lost several independent contractor cases. In one case, the Department of Labor asserted the workers were owed $6 million in back wages. But when the case went to Court, the workers lost outright and got nothing. *Gate Guard Servs. L.P. v. Department of Labor,* No. CIV.A. V-10-91, 2013 WL 593418 (S.D. Tex. Feb. 13, 2013). Later, the Department of Labor was sanctioned for bringing the case. *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 556 (5th Cir. 2015). And in *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, more than 100 contractors got nothing when the Department of Labor lost their case in court. *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 302 (5th Cir. 1998). Although Newman believes these cases are distinguishable from this case, and that he could ultimately establish Plains' liability, this would require significant factual development and considerable risk.

Furthermore, even if Newman ultimately prevailed on the issue of employment status, it would still have to defeat Plains' affirmative defense that these workers were exempt under the executive, administrative, professional and/or highly compensated employee exemptions. Finally, after overcoming all of these obstacles, Newman would still need to prove the amount of damages suffered.

**3.    The Value of the Settlement is Significant**

The benefit that the Settlement Participants will receive under the Settlement is substantial

when compared against the maximum they could have received if they had prevailed at trial. As discussed above, resolution of each of the many issues in this case had the potential to eliminate or prejudice the litigation in Plains' favor. In spite of the hotly contested case, the Agreement provides the Settlement Class Members with an average gross recovery from the Maximum Settlement Amount which represents approximately 50% of the three-year recovery. Considering the settlement only covers Plains' liability, this is a substantial recovery considering the ongoing risks of litigation, the defenses at issue, and the real possibility of a protracted fight for unpaid overtime.

As such, the recovery before the Court is an outstanding result and more than fair and reasonable. In the present case, the proposed Agreement will provide the Settlement Class Members with an opportunity to recover a meaningful percentage of their claimed damages as calculated by the Parties. The quality of this result speaks for itself, and no further analysis, or speculation about net expected value, is required. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863-864 (7th Cir. 2014).

### 4. Newman and Class Counsel Support the Settlement

Class Counsel has comprehensive knowledge of the facts and legal issues relating to the applicable claims and defenses and has ample evidence on which to base an informed assessment of the proposed Agreement. Based on Class Counsel's knowledge of the case and the applicable law, as well as their experience in numerous similar wage and hour collective actions, Plaintiffs' Counsel believes the Agreement is fair and reasonable. This factor supports approval of the Agreement. *Isby v. Bayh,* 75 F. 3d 1191, 1200 (7th Cir. 1996) ("the district court was entitled to give consideration to the opinion of competent counsel that the settlement was fair, reasonable and adequate."). Additionally, Newman, as Class Representative, approved the terms of the Agreement. In light of the foregoing, the Court should approve the Parties' proposed Agreement in this action.

### C. Newman's Service Award is Reasonable.

Newman's requested service award for his service as the Class Representative is reasonable, and Plains does not object to the same. Service awards to class representatives are permissible where they are fair and reasonable. *See In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012) (stating that courts often permit payment to class representatives above the amounts received by class members). *Purdie v. Ace Cash Express, Inc.,* No. 301CV1754L, 2003 WL 22976611, at *7 (N.D.Tex. Dec. 11, 2003) (finding a service of $16,655 for the named plaintiffs to be fair and reasonable); *Jones v. JGC Dallas LLC,* No. 3:11-CV-2743-O, 2014 WL 7332551, at *5 (N.D. Tex. Nov. 12, 2014), (approving $3,250 incentive awards to each of four class representatives out of a common fund of $920,000); *De Hoyos v. Allstate Corp.,* 240 F.R.D. 269 (W.D.Tex.2007) (approving award of $5,000 to named plaintiffs in Rule 23(b)(2) class action suit); *Camp v. Progressive Corp.,* No. Civ. A. 01–2680, 2004 WL 2149079 (E.D.La. Sept.23, 2004) (approving award of $10,000 to named plaintiff and awards of $1,000 to $2,500 to other FLSA collective action members who assisted in litigation out of $5.4 million settlement fund); *Purdie v. Ace Cash Express, Inc.,* No. Civ.A. 301CV1754L, 2003 WL 22976611 (N.D.Tex.2003) (approving award of $16,665 in incentive payments to the named plaintiffs out of $11 million settlement fund); *Henderson v. Eaton,* No. Civ. A. 01–0138, 2002 WL 3145728 (E.D.La. Oct. 25, 2002) (approving award of $3,000 to named plaintiff who participated extensively in litigation); *In re Lease Oil Antitrust Litigation* (No. II), 186 F.R.D. 403 (S.D.Tex.1999) (approving awards of up to $10,000 per class representative out of $164.2 million settlement fund).

### D. The Attorney's Fee to Class Counsel is Reasonable.

Newman's attorneys' fees are part of the bargained for Settlement. In accordance with the Agreement, the Parties agreed that Class Counsel's Fee Award and Cost Award, which were separately negotiated, are reasonable and approval of this aspect of the Agreement is proper.

### 5. CONCLUSION

For the foregoing reasons, the Parties request that the Court approve all of the terms set forth in the Agreement and dismiss Newman's claims with prejudice.  A proposed order is attached hereto.


**Dated: November 28, 2022**                                            Respectfully submitted,

                                                 **JOSEPHSON DUNLAP**

                                                 By: */s/Michael A. Josephson*
                                                 **Michael A. Josephson**
                                                 TX Bar No. 24014780
                                                 **Andrew W. Dunlap**
                                                 TX Bar No. 2407844
                                                 **JOSEPHSON DUNLAP LLP**
                                                 11 Greenway Plaza, Suite 3050
                                                 Houston, Texas 77046
                                                 713-352-1100 – Telephone
                                                 713-352-3300 – Facsimile
                                                 mjosephson@mybackwages.com
                                                 adunlap@mybackwages.com

                                               **AND**

                                               **Richard J. (Rex) Burch**
                                               Texas Bar No. 24001807
                                               **BRUCKNER BURCH PLLC**
                                               11 Greenway Plaza, Suite 3025
                                               Houston, Texas 77046
                                               713-877-8788 – Telephone
                                               713-877-8065 – Facsimile
                                               rburch@brucknerburch.com

                                               **ATTORNEYS FOR PLAINTIFF &**
                                               **THE SETTLEMENT CLASS**


## CERTIFICATE OF SERVICE

I hereby certify that on November 28. 2022, I served the foregoing pleading on all parties and/or their counsel of record via this Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

                                                 */s/Michael A. Josephson*
                                                 **Michael A. Josephson**

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing the instant Motion, I conferred with Plains' Counsel, who confirmed Plains is unopposed to the requested relief as evidenced by the Parties' attached Settlement Agreement. *See* Ex. A.

*/s/Michael A. Josephson*
**Michael A. Josephson**
